*USA v. DiFalco*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> JOHN M. WALKER, Jr.,
> RICHARD C. WESLEY,
> *Circuit Judges.*

---

United States of America,

      *Appellee*,

      v.                                    **12-3711-cr**

Antoinette Hodgson, AKA Dina,

      *Defendant*,

Joseph DiFalco,

      *Petitioner–Appellant.*

---

**FOR APPELLEE:**     David I. Miller, Justin Anderson, Assistant United States Attorneys, *of Counsel*, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

**FOR PETITIONER-APPELLANT:**     Michael H. Zhu, Law Office of Michael H. Zhu, Esq. P.c., New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-Appellant Joseph DiFalco appeals from an order of the district court denying his motion, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the final forfeiture orders in a criminal case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review the denial of Rule 60(b) relief for abuse of discretion. *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 187 (2d Cir. 2006). Rule 60(b) motions are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

We are persuaded that no abuse of discretion occurred here. First, the district court correctly found that DiFalco lacked standing to challenge the timeliness of claims made by other third parties under 21 U.S.C. § 853(n). Second, the decision to hold an

ancillary hearing pursuant to § 853(n) is at the court's discretion. *See Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004). We find the court did not abuse this discretion in declining to hold such a hearing where the government did not contest the validity of DiFalco's claim. Where, as here, the movant fails to make even a colorable claim for Rule 60(b) relief, the district court is not required to consider evidence offered in support of that motion. *See Rothenberg v. Kamen*, 735 F.2d 753, 754 (2d Cir. 1984) (per curiam). Finally, we find DiFalco's remaining arguments that he was mistaken and misled about the terms of the settlement stipulation, and thus should not be held to the agreement, are without merit. *See Hatalmud v. Spellings*, 505 F.3d 139, 146-47 (2d Cir. 2007).

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk